

**ORDERED in the Southern District of Florida on May 18, 2023.**

Scott M. Grossman, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:

GREEN ROADS, INC.,[1]                         Chapter 11

        Debtor.                          Case No. 23-11738-SMG

_____/

**ORDER (I) APPROVING THE SALE OF**
**SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS**
**FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES,**
**AND OTHER INTERESTS AND (II) GRANTING RELATED RELIEF**

     This matter, having come before the Court upon the filing of Green Roads, Inc. (the

"Debtor"), of the *Debtor's Motion for Entry of an Order (I) Approving Bidding Procedures in*

---

[1]     The last four digits of the Debtor's federal tax identification number is 0208. The Debtor's principal address is 601 Fairway Dr, Deerfield Beach, FL 33441.

22886964.v4

*Connection With the Debtor's Bidding Process; (II) Approving the Transaction Ultimately Selected as the Highest and Best Alternative Through the Bidding Process, Including a Possible Sale of Assets Free and Clear of Liens, Claims and Encumbrances; and (III) Granting Related Relief* [Docket No. 35] (the "Sale Motion")[2] pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") as well as rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for, among other things, entry of an order (i) authorizing the Debtor's entry into the *Asset Purchase Agreement by and Among Green Roads, Inc. and Global Widget, LLC* (as the same may be amended, modified, or supplemented from time to time in accordance with the terms thereof, the "APA") and all related agreements, (ii) approving the sale (the "Sale") under the terms of the APA of substantially all of the Debtor's assets (the "Acquired Assets" – which do not include causes of action, cash, tax credits or refunds, and any executory contracts which are not Assumed Contracts) free and clear of all liens and liabilities, and (iii) granting related relief; and the Court having conducted a hearing to consider approval of the Sale and entry of this Sale Order on **May 10, 2023** (the "Transaction Hearing"); and the Court having reviewed and considered the relief requested in the Sale Motion; and the Court having reviewed and considered the arguments of counsel made, and the evidence adduced, at the Transaction Hearing and prior hearings addressing the potential sale of the Acquired Assets, including the hearing and evidence presented in connection with the *Order Approving Bidding Procedures in Connection With the Debtor's Bidding Process and Granting Related Relief* [Docket No. 62] (the "Bid Procedures Order"); and upon the record of the Transaction Hearing and this chapter 11 case, and after due deliberation thereon, and good cause appearing therefor;

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

22886964.v4

**IT IS HEREBY FOUND AND DETERMINED THAT:[3]**

A.    **Jurisdiction and Venue**.  The Court has jurisdiction over the Sale Motion, the relief requested in this order (the "Sale Order"), and the Sale pursuant to 28 U.S.C. §§ 157 and 1334 and may enter a final order on the Sale Motion consistent with Article III of the United States Constitution.  This Matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    **Statutory Predicates**.  The statutory predicates for the relief requested in the Sale Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

C.    **Sale Motion Notice**.  Proper, timely, adequate, and sufficient notice of the Sale Motion, including, without limitation, the Sale, and the Transaction Hearing have been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9006, and 9007.  Such notice was good and sufficient and appropriate under the circumstances. No other or further notice of the Sale Motion, including, without limitation, the Sale, or the Transaction Hearing, is necessary or shall be required.

D.    **Opportunity to Object**.  A reasonable opportunity to object or be heard regarding the requested relief in the Sale Motion has been afforded to all interested persons and entities.

E.    **Business Justification**.  The Debtor has demonstrated an adequate business justification supporting entry into the Sale and the sale of the Acquired Assets.  Such action is an appropriate exercise of the Debtor's business judgment and in the best interests of the Debtor's bankruptcy estate and its creditors.  The reasons underlying the Debtor's sound exercise of its

---

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  *See* Bankruptcy Rule 7052.  This Sale Order shall be deemed to incorporate any findings of fact and conclusions of law made on the record at the Transaction Hearing pursuant to Bankruptcy Rule 7052.

business judgment include, but are not limited to, the fact that (i) the Acquired Assets have been aggressively marketed for a reasonable period of time; (ii) the transaction described in the APA constitutes the highest or otherwise best offer for the Acquired Assets; (iii) the Debtor must close on a sale of the Acquired Assets on or before May 31, 2023 under the terms of the *Order Extending the Deadlines Established in the Order Approving Bidding Procedures in Connection With the Debtor's Bidding Process and Granting Related Relief* [Docket No. 81] (the "Deadline Extension Order") and thus there is an emergent need for prompt consummation of the Sale; (iv) the Sale presents the best opportunity to realize the value of the Acquired Assets on a going concern basis and to avoid further decline and devaluation of the related business; and (v) the Debtor and Global Widget, LLC (the "Purchaser") engaged in good faith, arm's-length negotiations in order to achieve the Sale contemplated in the APA.  Entry of this Sale Order and approval of all provisions hereof is a necessary condition precedent to the Purchaser consummating the Sale.

F.     **Opportunity to Bid**.  The Debtor and its professionals robustly marketed the Acquired Assets and conducted the Auction as contemplated in the Sale Motion.  The foregoing marketing process afforded a full and fair opportunity for any person or entity to make an offer to purchase the Acquired Assets or propose an alternative transaction.  Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers and investors have been afforded a reasonable and fair opportunity to bid for the Acquired Assets or propose an alternative transaction.

G.     **Highest or Otherwise Best Offer**.  The Debtor solicited bids for the Acquired Assets and proposals for alternative transactions, and the bid submitted pursuant to the APA was the highest and best offer for the Acquired Assets.  The Purchaser has agreed to pay an aggregate purchase price in the amount of $3,100,000 for the Acquired Assets.

4

H. **Good Faith Purchaser**. The Sale has been negotiated by the Debtor and the Purchaser (and their respective affiliates and representatives) in good faith, at arm's-length, and without collusion or fraud. The terms and conditions of the Sale, including the total consideration to be realized by the Debtor pursuant to the APA, are fair and reasonable, and the Sale is in the best interests of the Debtor's estate and its creditors. The Purchaser is a "good faith purchaser" entitled to the full benefits and protections of section 363(m) of the Bankruptcy Code with respect to the Sale, including the sale and assignment to the Purchaser of the Acquired Assets. The APA was not controlled by an agreement between potential or actual bidders within the meaning of section 363(n) of the Bankruptcy Code. The Debtor and the Purchaser have not engaged in any conduct that would cause or permit the APA or the consummation of the Sale to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code or under any other law of the United States, any state, territory, possession thereof, the District of Columbia, or any other applicable law. The APA, which constitutes reasonably equivalent value and fair consideration, was not entered into, and the Sale is not being consummated, for the purpose of hindering, delaying, or defrauding creditors of the Debtor under the Bankruptcy Code or under any other law of the United States, any state, territory, possession thereof, the District of Columbia, or any other applicable law. Neither the Debtor nor the Purchaser has entered into the APA or is consummating the Sale with any fraudulent or otherwise improper purpose.

I. **No Stay of Order**. Cause has been shown as to why this Sale Order should not be stayed pursuant to Bankruptcy Rule 6004(h).

J. **Transfer of Acquired Assets**. The transfer by the Debtor of the Acquired Assets to the Purchaser in accordance with the terms of this Sale Order is integral to the Sale and is in the

5

best interests of the Debtor's creditors and its estate, and the Debtor has an adequate business justification therefor.

K.    **Free and Clear**.  The sale and assignment to the Purchaser of the Acquired Assets will be, as of the Closing Date, a legal, valid, and effective transfer of such assets, and each such transfer and assignment shall, upon the Closing, vest the Purchaser with all right, title, and interest of the Debtor in and to the Acquired Assets free and clear of all Liens.  The Purchaser would not enter into the Sale if the sale of the Acquired Assets were not free and clear of all Liens, or if the Purchaser would, or in the future could, be liable for any such Liens, including the Liabilities set forth in paragraph 10 of this Sale Order.

L.    **Satisfaction of 363(f) Standards**.  The Debtor may sell, transfer, and assign the Acquired Assets free and clear of all Liens in the Acquired Assets, because, with respect to each creditor asserting a Lien, one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  There were no objections by the holders of Liens, and such holders (to the extent they exist) are deemed to have consented to the Sale and the sale and assignment of the Acquired Assets to the Purchaser under section 363(f)(2) of the Bankruptcy Code.

M.    **No Successor Liability**.  Upon the Closing, the Purchaser shall not, and shall not be deemed to (i) be the successor of or successor employer to the Debtor, and shall instead be, and be deemed to be, a new employer with respect to any and all federal or state unemployment laws, including any unemployment compensation or tax laws, or any other similar federal or state laws, (ii) have, de facto, or otherwise, merged or consolidated with or into the Debtor, (iii) be a mere continuation or substantial continuation of the Debtor or the enterprise(s) of the Debtor, or (iv) be liable for any acts or omissions of the Debtor in the conduct of the Debtor's business or arising

22886964.v4

under or related to the Acquired Assets other than as set forth in the APA.  Without limiting the generality of the foregoing, and except as otherwise provided in the APA, the parties intend that the Purchaser shall not be liable for any Lien or liability (including any tax liabilities of the Debtor) against the Debtor, or any of its predecessors or Affiliates, and the Purchaser shall have no successor or vicarious liability of any kind or character whatsoever, whether known or unknown as of the Closing Date, whether now existing or hereafter arising, whether asserted or unasserted, or whether fixed or contingent, with respect to the Debtor's business, the Acquired Assets or any liabilities of the Debtor arising prior to the Closing Date.  The Purchaser would not have acquired the Acquired Assets but for the foregoing protections against potential claims based upon "successor liability" theories.

N.    **Injunctive Relief Necessary**.  An injunction against creditors and third parties pursuing claims against, and Liens, interests, and encumbrances on, the Acquired Assets is necessary to induce the Purchaser to close the Sale, and the issuance of such injunctive relief is therefore necessary to avoid irreparable injury to the Debtor's estate and will benefit the Debtor's creditors.

O.    **Back-up Bidder**.  The Debtor has determined that NEwhere, Inc. d/b/a CBDfx ("CBDfx") has submitted the next highest or otherwise best bid.  The Debtor has therefore designated CBDfx as the Backup Bidder (as defined in the Bid Procedures Order).  The CBDfx Backup Bid (as defined in the Bid Procedures Order) is in all material respects similar to the Purchaser's Succsseful Bid (as defined in the Bid Procedures Order), provided however, that the amount of the CBDfx Backup Bid is $3,050,000 and that such bid includes a potential purchase price adjustment regarding the value of the Debtor's inventory at closing.  To the extent that the Purchaser does not close on the Sale by May 31, 2023, then the Backup Bidder shall become the

new Succsseful Bidder (as defined in the Bid Procedures Order), and CBDfx and the Debtor shall close promptly on the Sale pursuant to the terms of the Bid proposed by CBDfx, as modified on the record at the Auction, but in no event later than June 15, 2023, unless CBDfx agrees to extend the deadline.  In the event of a closing with CBDfx, CBDfx shall have all of the protections provided to the Purchaser under this Order and shall be substituted for the Purchaser herein.  The Debtor shall return the Deposit delivered to the Debtor by CBDfx in full via wire transfer on the earlier of the closing with the Purchaser and June 16, 2023, unless CBDfx agrees otherwise.  To the extent that the Purchaser does not close on the Sale by May 31, 2023, it shall forfiet its deposit which is held by the Debtor's counsel as liquidated damages, but the Debtor and the Purchaser shall otherwise not have any claims or Causes of Action against one another.  Provided, however, that the Debtor, the Purchaser, and CBDfx explicitly reserve the right to extend the May 31, 2023 deadline to close on the Sale and otherwise and will file a notice with the Court if they do so.

P.        **Assumption and Assignment in Best Interests**.  The Debtor's assumption and assignment to the Purchaser of the Assumed Contracts is integral to the Sale and is in the best interests of the Debtor, its bankruptcy estate, and its creditors, and represents the Debtor's exercise of reasonable business judgment.  Pursuant to section 365(f) of the Bankruptcy Code, the Assumed Contracts shall be assigned and transferred to, and remain in full force and effect for the benefit of the Purchaser, notwithstanding any provision of the Assumed Contracts or other restriction prohibiting their assignment or transfer.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1.        **Relief Granted**.  The relief requested in the Sale Motion is granted to the extent set forth herein.

2.      **Objections Overruled**.  All objections and responses to the Sale Motion, this Sale Order, or the relief granted herein that have not been overruled, withdrawn, waived, settled, or otherwise resolved, are hereby overruled and denied on their respective merits with prejudice.

3.      **Notice**.  Notice of the Sale Motion, including without limitation, the transactions set forth in the APA, the Transaction Hearing, and the Sale, was fair and reasonable under the circumstances and complied in all respects with sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9006, and 9007.

4.      **Approval of the Sale Transaction**.  The Sale is hereby approved and authorized in all respects, and the Debtor is hereby authorized and empowered to enter into, and to perform his obligations under, the APA and to execute and perform such agreements or documents, and take such other actions as are necessary or desirable to effectuate the terms of the APA.  The consideration provided by the Purchaser for the Acquired Assets under the APA shall be deemed for all purposes to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

5.      **Good Faith Purchaser**.  The Purchaser is a good faith purchaser of the Acquired Assets and is hereby granted and is entitled to all of the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code.  Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Sale Order are hereafter reversed, modified, or vacated by a subsequent order of the Court or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any sale, transfer, or assignment under the APA or obligation or right granted pursuant to the terms of this Sale Order and, notwithstanding any reversal, modification, or vacatur, any sale, transfer, or assignment shall be governed in all respects by the original provisions of this Sale Order or the APA, as the case may be.

22886964.v4

6.        **Section 363(n) of the Bankruptcy Code**.  The sale approved by this Sale Order is not subject to avoidance or any recovery of damages pursuant to section 363(n) or any other provision of the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, or any other similar federal or state laws.

7.        **Authorization of Performance by the Debtor**.  The Debtor is authorized to fully perform under, consummate, and implement the terms of the APA together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the APA, this Sale Order, and the Sale, including, without limitation, deeds, assignments, stock powers, transfers of membership interests, and other instruments of transfer and to take all further actions as may reasonably be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser, or reducing to possession any or all of the Acquired Assets, as may be necessary or appropriate to the performance of the Debtor's obligations as contemplated by the APA, without any further corporate action or orders of the Court.  The Debtor is authorized and empowered to cause to be filed with the secretary of state of any state or other applicable officials of any applicable governmental units, any and all certificates, agreements, or amendments necessary or appropriate to effectuate the transactions contemplated by the APA, any related agreements, and this Sale Order, including amended and restated certificates or articles of incorporation and by-laws or certificates or articles of amendment and all such other actions, filings, or recordings as may be required under appropriate provisions of the applicable laws of all applicable governmental units or as the Debtor may determine are necessary or appropriate or as reasonably requested by the Purchaser.

22886964.v4

8.      **Valid Transfer**. Effective as of the Closing Date, the sale and assignment of the Acquired Assets by the Debtor to the Purchaser shall constitute a legal, valid, and effective transfer of the Acquired Assets notwithstanding any requirement for approval or consent by any person, and will vest the Purchaser with all right, title, and interest of the Debtor in and to the Acquired Assets, free and clear of all Liens, pursuant to section 363(f) of the Bankruptcy Code; provided, however, that nothing in this Sale Order or the APA shall be deemed to release any environmental covenants recorded on properties purchased by the Purchaser.

9.      **Absolute Sale, Conveyance, and Transfer**.  Effective on the Closing Date, the Sale constitutes a legal, valid, effective, complete, and absolute sale, conveyance, and transfer from the Debtor's bankruptcy estate to the Purchaser.  Further, it is the Parties' express intention that the Sale be, and be treated for all purposes as, an absolute sale, conveyance, and transfer of the Acquired Assets.

10.     **Free and Clear**.  Upon the Closing, the Debtor shall be, and hereby is, authorized, empowered, and directed, pursuant to sections 105, 363(b), and 363(f) of the Bankruptcy Code, to sell the applicable Acquired Assets to the Purchaser in accordance with the APA.  The sale and assignment of the Acquired Assets to the Purchaser vests the Purchaser with all right, title, and interest of the Debtor in and to the Acquired Assets free and clear of any and all Liens, excluded liabilities, and other liabilities or interests of any kind or nature whatsoever (including all tax liabilities of the Debtor), whether imposed by agreement, understanding, law, equity, or otherwise, with all such Liens to attach only to the net proceeds of the sale with the same priority, validity, force, and effect as they now have in or against the Acquired Assets.  The Sale Motion shall be deemed to provide sufficient notice as to the sale and assignment to the Purchaser of the Acquired Assets free and clear of all Liens in accordance with the Bankruptcy Code and Bankruptcy Rules.

22886964.v4

Following the Closing, no holder of any Lien on the Acquired Assets may interfere with the Purchaser's use and enjoyment of the Acquired Assets based on or related to such Lien or any actions that the Debtor may take in the chapter 11 case.  For the avoidance of doubt, unless expressly set forth in the APA, the Purchaser shall not be responsible for any Liens or liabilities of the Debtor, including any liabilities with respect to the following: (i) any labor or employment agreements; (ii) any mortgages, deeds of trust, and security interests; (iii) any intercompany loans and receivables between one or more of the Debtor and its affiliates; (iv) any pension, multiemployer plan (as such term is defined in Section 3(37) or Section 4001(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA")), health or welfare, compensation, or other employee benefit plans, agreements, practices, and programs, including, without limitation, any pension plan of the Debtor or any multiemployer plan to which the Debtor has at any time contributed or had any liability or potential liability; (v) any other employee, worker's compensation, occupational disease, or unemployment or temporary disability related claim, including, without limitation, claims that might otherwise arise under or pursuant to (a) ERISA, (b) the Fair Labor Standards Act, (c) Title VII of the Civil Rights Act of 1964, (d) the Federal Rehabilitation Act of 1973, (e) the National Labor Relations Act, (f) the Age Discrimination and Employee Act of 1967 and Age Discrimination in Employment Act, as amended, (g) the Americans with Disabilities Act of 1990, (h) the Consolidated Omnibus Budget Reconciliation Act of 1985, (i) state discrimination laws, (j) state unemployment compensation laws or any other similar state laws, or (k) any other state or federal benefits or claims relating to any employment with the Debtor or any of its predecessors; (vi) liabilities arising under any Environmental Laws with respect to any assets owned or operated by the Debtor or any corporate predecessor of the Debtor at any time prior to the Closing Date; (vii) any bulk sales or similar law; (viii) any tax

statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended; and (ix) any excluded liabilities under the terms of the APA (if any). The provisions of this Sale Order authorizing the sale and assignment to the Purchaser of the Acquired Assets free and clear of Liens shall be self-executing, and neither the Debtor nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Sale Order.

11.    **Direction to Creditors**. On the Closing Date, each of the Debtor's creditors holding Liens on any Acquired Assets is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Liens on such Acquired Assets, if any, as such Liens may otherwise exist. If any person or entity that has filed financing statements, mortgages, mechanics liens, lis pendens, or other documents, instruments, notices, or agreements evidencing any Lien against or in the Acquired Assets shall not have delivered to the Debtor before the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, releases, or instruments of satisfaction that the person or entity has with respect to the Acquired Assets, then with regard to the Acquired Assets, (a) the Debtor and/or the Purchaser are authorized to execute and file such termination statements, releases, instruments of satisfaction, or other documents on behalf of the person or entity with respect to the Acquired Assets; and (b) the Debtor and/or the Purchaser are authorized to file, register, or otherwise record a certified copy of this Sale Order which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of such Liens against the Acquired Assets. This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, local, tribal, or foreign government agency, department, or office.

13

12.      **Direction to Government Agencies**.  Each and every filing agent, filing officer, title agent, recording agency, governmental department, secretary of state, federal, state, and local official, and any other persons or entities that may be required by operation of law or the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Acquired Assets, is hereby authorized and directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA and this Sale Order.  All such entities described above in this paragraph are authorized and specifically directed to strike all recorded Liens against the Acquired Assets from their records.

13.      **Direction to Surrender Possession or Control**.  All persons or entities, presently or on or after the Closing Date, in possession or control of some or all of the Acquired Assets are directed to surrender possession or control of the Acquired Assets to the Purchaser on the Closing Date or at such time thereafter as the Purchaser may request, provided that such turnover of Acquired Assets shall be done in compliance with the requirements of applicable law.

14.      **Licenses and Permits**.  To the extent provided in the APA and permitted under applicable law, the Purchaser may, as of the Closing Date, operate under any license, permit, registration, and any other governmental authorization or approval of the Debtor with respect to the Acquired Assets.  The Court hereby orders that all parties in interest shall cooperate with and support the Purchaser in executing any applications and furnishing any documents as are necessary for the Purchaser to obtain, in its name, any other necessary licenses or permits.  Without limiting the generality of the forgoing, the Debtor shall: (i) cooperate in the transfer of all licenses and permits necessary for the operation of the applicable Acquired Assets; (ii) execute and deliver such documentation and certificates as are necessary or required to operate, transfer, or cancel the

14

licenses and permits; and (iii) not engage in any acts that would interfere with the Purchaser's operation, transfer, or cancellation of any license or permit necessary for the operation of the applicable Acquired Assets.  To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the applicable Acquired Assets sold, transferred, or conveyed to the Purchaser on account of the filing or pendency of this chapter 11 case or the consummation of the transactions contemplated by the APA.

15.    **No Successor Liability**.  The Purchaser and its affiliates and each of their respective predecessors, successors, assigns, members, partners, officers, directors, principals, lenders, owners, operators, and shareholders (or equivalent) are not and shall not be: (a) deemed a "successor" in any respect to the Debtor or its estate as a result of the consummation of the Sale contemplated by the APA or any other event occurring in this chapter 11 case under any theory of law or equity, including, without limitation, with respect to any collective bargaining agreements and any benefit plans, and any federal or state unemployment laws, including any unemployment compensation or tax laws, or any other similar federal or state laws; (b) deemed to have, de facto or otherwise, merged or consolidated with or into the Debtor or its estate; (c) deemed to have a common identity with the Debtor; (d) deemed to have a continuity of enterprise with the Debtor; (e) deemed to be a continuation or substantial continuation of the Debtor or any enterprise of the Debtor; or (f) liable for any acts or omissions of the Debtor in the operation of the applicable Acquired Assets or arising under or related to the Acquired Assets, other than as expressly set forth in the APA.  The Purchaser shall not assume, nor be deemed to assume or in any way be responsible for any liability or obligation of the Debtor and/or its estate including, but not limited to, any excluded liabilities under the terms of the APA, any bulk sales law, successor liability, liability or

22886964.v4

responsibility for any claim against the Debtor or against an insider of the Debtor, or similar liability except as otherwise expressly provided in the APA, and the Sale Motion contains sufficient notice of such limitation in accordance with applicable law.

16.    **No Liability for Purchaser**.  The transfer of the Acquired Assets to the Purchaser under the APA shall not result in the Purchaser or its affiliates or their respective predecessors, successors, assigns, members, partners, officers, directors, principals, lenders, owners, operators, and shareholders (or equivalent) or the Acquired Assets: (x) having any liability or responsibility for any Cause of Action against the Debtor or against an insider of the Debtor or any of its respective predecessors or affiliates; (y) having any liability whatsoever with respect to, or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff, or otherwise, directly or indirectly, any Liens or excluded liability; or (z) having any liability or responsibility to the Debtor or its estate, predecessors, successors, or assigns arising out of the negotiation, investigation, preparation, execution, and delivery of the APA, the entry into and consummation of the Sale or otherwise, except as is expressly set forth in the APA.

17.    **Back-up Bidder**.  CBDfx is the Backup Bidder (as defined in the Bid Procedures Order).  To the extent that the Purchaser does not close on the Sale by May 31, 2023, then the Backup Bidder shall become the new Succsseful Bidder (as defined in the Bid Procedures Order), and CBDfx and the Debtor shall close promptly on the Sale pursuant to the terms of the Bid proposed by CBDfx, as modified on the record at the Auction, but in no event later than June 15, 2023, unless CBDfx agrees to extend the deadline.  In the event of a closing with CBDfx, CBDfx shall have all of the protections provided to the Purchaser under this Order and shall be substituted for the Purchaser herein.  The Debtor shall return the Deposit delivered to the Debtor by CBDfx in full via wire transfer on the earlier of the closing with the Purchaser and June 16, 2023, unless

22886964.v4

CBDfx agrees otherwise.  To the extent that the Purchaser does not close on the Sale by May 31, 2023, it shall forfeit its deposit which is held by the Debtor's counsel as liquidated damages, but the Debtor and the Purchaser shall otherwise not have any claims or Causes of Action against one another.  Provided, however, that the Debtor, the Purchaser, and CBDfx explicitly reserve the right to extend the May 31, 2023 deadline to close on the Sale and otherwise and will file a notice with the Court if they do so.

18.    **Injunction**.  Except as expressly provided in the APA or this Sale Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, vendors, suppliers, employees, trade creditors, litigation claimants, and other persons holding Liens or Causes of Action of any kind or nature whatsoever against or in the Debtor or the Debtor's interests in the Acquired Assets (whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of this chapter 11 case, whether imposed by agreement, understanding, law, equity, or otherwise), including, without limitation, any Causes of Action arising under or out of, in connection with, or in any way relating to, the Acquired Assets or the transfer of the Debtor's interests in the Acquired Assets to the Purchaser, shall be and hereby are forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing Liens against the Purchaser, its affiliates, their respective predecessors, successors, assigns, members, partners, officers, directors, principals, lenders, owners, operators, shareholders (or equivalent), the Acquired Assets, or the interests of the Debtor in the Acquired Assets. Following the Closing, no holder of a Lien against the Debtor shall interfere with the Purchaser's title to or use and enjoyment of the Debtor's interests in the Acquired Assets based on or related

22886964.v4

to such claim, lien, interest, or encumbrance, and, except as otherwise expressly provided in the APA or this Sale Order, all such Liens, if any, shall be, and hereby are transferred and attached to the proceeds from the Sale in the order of their priority, with the same validity, force, and effect which they have against the Acquired Assets as of the Closing, subject to any rights, claims, and defenses that the Debtor and its estate, as applicable, may possess with respect thereto.  All persons are hereby forever prohibited and enjoined from taking action that would interfere with or adversely affect the ability of the Debtor to sell and transfer the Acquired Assets to the Purchaser in accordance with the terms of the APA and this Sale Order.

19.    **Police and Regulatory Powers**.  Nothing in this Sale Order or the APA releases, nullifies, precludes, or enjoins the enforcement of any obligation or liability arising from the enforcement of a police or regulatory power of a governmental unit that any entity would be subject to as the owner or operator of property after the Closing, provided, however, that except as is provided by the APA, nothing herein shall subject the Purchaser to any liability to a governmental unit for penalties for any violation prior to Closing, response costs incurred by a governmental unit prior to Closing, or liability relating to offsite disposal that occurred prior to Closing.  In addition, nothing in this Sale Order or the APA authorizes the transfer or assignment of any governmental license, permit, registration, authorization, or approval or the discontinuation of any obligation thereunder without compliance with all applicable legal requirements under police or regulatory law.

20.    **No Bulk Sales; No Brokers**.  No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale.  No brokers were involved in consummating the Sale, and no brokers' commissions are due to any person or entity in connection with the Sale. The Purchaser is not, and will not become, obligated to pay any fee or commission or like payment

22886964.v4

to any broker, finder, or financial advisor as a result of the consummation of the Sale based upon any arrangement made by, or on behalf of, the Debtor, except as specifically provided in the APA.

21.     **Failure to Specify Provisions**.  The failure specifically to include any particular provisions of the APA or any related agreements in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtor, and the Purchaser that the APA and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Sale Order.  Likewise, all of the provisions of this Sale Order are nonseverable and mutually dependent.

22.     **Binding Order**. This Sale Order and the APA shall be binding upon and govern the acts of all persons and entities, including without limitation, the Debtor, the Purchaser, and their respective successors and permitted assigns, including, without limitation, all creditors of the Debtor (whether known or unknown), filing agents, filing officers, title agents, recording agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Acquired Assets.  The APA and Sale shall not be subject to rejection or avoidance under any circumstances.  This Sale Order and the APA shall inure to the benefit of the Debtor's estate, the Debtor's creditors, the Purchaser, and its respective successors and assigns.

23.     **Allocation of Consideration; Treatment of Cash Purchase Price**.  Except as provided in the APA, all rights of the Debtor with respect to the allocation of consideration received from the Purchaser in connection with the Sale are expressly reserved for later determination by the Court.  Notwithstanding anything to the contrary in any orders of this Court

22886964.v4

or the APA, upon receipt by the Debtor, the Cash Purchase Price shall be free and clear of any Liens.

24.    **Assumption and Assignment of Assumed Contracts**.  Under sections 105(a), 363, and 365 of the Bankruptcy Code, and subject to and conditioned upon the closing of the Sale and the resolution of any objections based on adequate assurance of future performance or any disputed Cure Amount, the Debtor's assumption and assignment to the Purchaser of the Assumed Contracts free and clear of all Liens and Excluded Liabilities pursuant to the terms set forth in the APA, is hereby approved and the requirements of section 365(b)(1) and 365(f)(2) of the Bankruptcy Code with respect thereto are hereby deemed satisfied.  Except with respect to any objection to assumption, assignment, or Cure Amount, each counterparty to the Assumed Contracts is hereby forever barred, estopped, and permanently enjoined from raising or asserting against the Debtor, the Purchaser, or the property of either of them, any assignment fee, default, breach, claim, pecuniary loss, liability, or obligation (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, known or unknown, liquidated or unliquidated, senior or subordinate) arising under or out of, in connection with, or in any way related to the Assumed Contracts existing as of the Closing Date or arising by reason of the Closing.  No sections or provisions of the Assumed Contracts that purport to prohibit, restrict, or condition the assignment of the Assumed Contracts or terminate, cancel, or modify the Assumed Contracts because of an insolvency are enforceable.  There shall be no rent accelerations, assignment fees, increases, or other charges assessed to the Purchaser for the assignment of the Assumed Contracts.

25.    **No Stay of Order**.  Notwithstanding Bankruptcy Rule 6004, this Sale Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

22886964.v4

Time is of the essence in closing the Sale referenced herein, and the Debtor and the Purchaser intend to close the Sale as soon as practicable. Any party objecting to this Sale Order must exercise due diligence in filing an appeal, pursuing a stay, and obtaining a stay prior to the Closing or risk its appeal being foreclosed as moot.

26. **Lift of Automatic Stay**. The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtor to the extent necessary, without further order of the Court, to allow the Purchaser to deliver any notice provided for in the APA and allow the Purchaser to take any and all actions permitted under the APA, including, without limitation, terminating the APA, in each case in accordance with the terms and conditions thereof.

27. **Retention of Jurisdiction**. The Court shall retain jurisdiction to: (a) interpret, implement, and enforce the terms and provisions of this Sale Order (including the injunctive relief provided in this Sale Order) and the APA, including all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith, in all respects; and (b) to decide any disputes concerning this Sale Order and the APA, or the rights and duties of the parties hereunder or thereunder or any issues relating to the APA and this Sale Order including, but not limited to, the interpretation of the terms, conditions, and provisions hereof and thereof, the status, nature, and extent of the Acquired Assets, and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the Acquired Assets free and clear of all Liens.

28. **Further Assurances**. From time to time, as and when requested by any party, each party shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the Sale, including, such actions

as may be necessary to vest, perfect, confirm, record, or otherwise, in the Purchaser its right, title, and interest in and to the Acquired Assets.

29.    **Governing Terms**.  To the extent this Sale Order is inconsistent with any prior order or pleading in this chapter 11 case, the terms of this Sale Order shall govern.  To the extent there is any inconsistency between the terms of this Sale Order and the terms of the APA (including all ancillary documents executed in connection therewith), the terms of this Sale Order shall govern.

# # #

22886964.v4

Tendered by:

James R. Irving (admitted *pro hac vice*)
DENTONS BINGHAM GREENEBAUM LLP
3500 PNC Tower, 101 S. Fifth Street
Louisville, Kentucky 40202
Telephone: (502) 587-3606
E-mail: james.irving@dentons.com

*Counsel to Green Roads, Inc.*

*(Attorney Irving is directed to serve this order upon all non-registered users or registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

22886964.v4