

**ORDERED in the Southern District of Florida on April 3, 2024.**

**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

GREEN ROADS, INC.,                                    23-11738-SMG

     Debtor.                                          Chapter 11

_____/

### ORDER TO SHOW CAUSE WHY CHAPTER 11 CASE
### SHOULD NOT BE DISMISSED OR CONVERTED TO CHAPTER 7

This matter came before the Court sua sponte upon a review of the progress of this Chapter 11 case, which was filed on March 6, 2023. On May 18, 2023, the Court entered an order approving the sale of substantially all of the Debtor's assets.[1] That sale closed on May 31, 2023.[2] The Debtor's exclusive period to file a plan expired on November 21, 2023.[3] To date no plan has been filed, and the docket fails to show any discernable progress toward concluding the case.

More concerning, however, is the Debtor's repeated failure to timely file monthly operating reports. Under 11 U.S.C. § 1112(b)(4)(F), "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" constitutes "cause" for dismissal or

---

[1] ECF No. 93.

[2] ECF No. 110.

[3] ECF No. 156.

conversion of the case.[4] Under Bankruptcy Code section 1107, a debtor-in-possession must perform (with certain exceptions not applicable here) all the functions and duties of a chapter 11 trustee.[5] Under section 1106(a)(1), a chapter 11 trustee must perform certain duties required of a chapter 7 trustee,[6] including the duty under section 704(a)(8) to file with the Court periodic reports and summaries of the operation of the debtor's business.[7] These reports must be filed no later than the 21st day of the month immediately following the reporting period covered by the report.[8]

"Timely and accurate financial disclosure is the life blood of the Chapter 11 process."[9] Monthly operating reports "are the means by which creditors can monitor a debtor's post-petition operations."[10] A debtor's "habitual noncompliance calls into question [its] ability to effectively reorganize,"[11] "is a serious breach of the debtor's fiduciary obligations[,] and 'undermines the chapter 11 process.'"[12] As set forth in the table below, the Debtor has been repeatedly – and grossly – delinquent in complying with its obligations to timely file nearly all of its monthly operating reports:[13]

| Reporting Period | Due Date | Filed Date | Days Late |
|---|---|---|---|
| March, 2023 | April 21, 2023 | July 21, 2023[14] | 91 |
| April, 2023 | May 21, 2023 | August 3, 2023[15] | 74 |
| May, 2023 | June 21, 2023 | August 28, 2023[16] | 68 |
| June, 2023 | July 21, 2023 | October 12, 2023[17] | 83 |
| July, 2023 | August 21, 2023 | October 12, 2023[18] | 52 |
| August, 2023 | September 21, 2023 | October 16, 2023[19] | 25 |
| September, 2023 | October 21, 2023 | October 18, 2023[20] | --- |
| October, 2023 | November 21, 2023 | January 29, 2024[21] | 69 |

[4] 11 U.S.C. § 1112(b)(4)(F); *see also In re No Rust Rebar, Inc.*, 641 B.R. 412, 428 (Bankr. S.D. Fla. 2022) (unexcused failure to file monthly operating reports is cause for conversion).

[5] 11 U.S.C. § 1107(a).

[6] 11 U.S.C. § 1106(a)(1).

[7] 11 U.S.C. § 704(a)(8); *see also* Fed. R. Bankr. P. 2015(a)(3) ("A trustee or debtor in possession shall: . . . (3) file the reports and summaries required by §704(a)(8) of the Code. . . .").

[8] 28 C.F.R. § 58.8(e).

[9] *Matter of Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991).

[10] *Id.* (citing *In re Chesmid Park Corp.*, 45 B.R. 153, 159 (Bankr. E.D. Va. 1984)).

[11] *In re 210 W. Liberty Holdings, LLC*, 2009 WL 1522047, at *7 (Bankr. N.D. W. Va. 2009).

[12] *In re Rey*, 2006 WL 2457435, at *8 (Bankr. N.D. Ill. 2006) (quoting *In re All Denominational New Church*, 268 B.R. 536, 538 (B.A.P. 8th Cir. 2001)).

[13] Only its September 2023 report, which was actually filed three days early on October 18, 2023, was timely filed. ECF No. 142.

[14] ECF No. 107.

[15] ECF No. 113.

[16] ECF No. 122.

[17] ECF No. 139.

[18] ECF No. 140.

[19] ECF No. 141.

[20] ECF No. 142.

[21] ECF No. 168.

| November, 2023 | December 21, 2023 | January 29, 2024[22] | 39 |
| December, 2023 | January 21, 2024 | February 8, 2024[23] | 18 |
| January, 2024 | February 21, 2024 | February 22, 2024[24] | 1 |
| February, 2024 | March 21, 2024 | --- | 13+ |

In light of the foregoing, it is **ORDERED** that:

1.      A representative of the Debtor and Debtor's counsel must appear in person for a hearing on **May 1, 2024, at 1:30 p.m.** at the **United States Courthouse, 299 E. Broward Blvd., Room 308, Fort Lauderdale, Florida 33301**, to show cause why this case should not be dismissed or converted to a case under chapter 7.

2.      The Debtor, or any other party opposing dismissal or conversion, must file a written response to this Order by **no later than 4:00 p.m. on April 24, 2024**.

3.      Any party supporting dismissal or conversion may file a reply by **no later than 4:00 p.m. on April 29, 2024**.

4.      Information on requirements and procedures for remote attendance at the hearing may be found on the presiding judge's webpage on the Court's website: www.flsb.uscourts.gov. PLEASE NOTE: No person may record the proceedings from any location by any means. The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the official record of the hearing.

5.      PLEASE NOTE: Photo identification is required to gain entrance to all federal courthouse facilities. Electronic devices, including but not limited to cameras, cellular phones (including those with cameras), iPads, tablets, pagers, personal data assistants (PDA), laptop computers, radios, tape−recorders, etc., are not permitted in the courtroom, chambers, or other environs of this Court. These restrictions (except for cameras not integrated into a cell phone device) do not apply to attorneys with a valid Florida Bar identification card, attorneys who have been authorized to appear by pro hac vice order and witnesses subpoenaed to appear in a specific case. No one is permitted to bring a camera or other prohibited electronic device into a federal courthouse facility except with a written order signed by a judge and verified by the United States Marshals Service. See Local Rule 5072−2.

# # #

*Copy furnished to James Irving, Esq., who must timely serve this Order on all creditors and other parties in interest and file a certificate of service in accordance with Local Rule 2002-1(F).*

---

[22] ECF No. 169.
[23] ECF No. 170.
[24] ECF No. 172.