

**ORDERED in the Southern District of Florida on October 11, 2024.**

_____
**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

---

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### FT. LAUDERDALE DIVISION
#### www.flsb.uscourts.gov

In re:

GREEN ROADS, INC.,[1]

               Debtor.

_____/

Chapter 11

Case No. 23-11738-SMG

## ORDER CONFIRMING
## CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY GREEN ROADS, INC.

This Matter came before the Court on the 27th day of September, 2024 at 9:30a.m. in Fort Lauderdale, Florida to consider confirmation of the _Chapter 11 Plan of Liquidation Proposed by Green Roads, Inc._ [ECF No. 188], and all amendments, modifications, and supplements thereto (the "Plan") filed by Green Roads, Inc. (the "Debtor"); and the Court having entered, after due notice and a hearing, the _Order (I) Approving Disclosure Statement; (II) Setting Hearing on Confirmation of Plan; (III) Setting Hearing on Fee Applications; (IV) Setting Various Deadlines;_

---

[1]      The last four digits of the Debtor's federal tax identification number is 0208.

*and (V) Describing Plan Proponent's Obligations* [ECF No. 204] (the "Disclosure Statement Order"); having been approved by this Court and the Plan and the Solicitation Package (as defined below) having been duly transmitted to holders of claims entitled to vote thereon as provided in the Disclosure Statement Order; and due notice of (i) entry of the Disclosure Statement Order, (ii) the Confirmation Hearing (as defined below), and (iii) the deadline for voting on, and/or objecting to the Plan having been provided to holders of Claims against and Equity Interests in the Debtor and other parties in interest, in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules for the Southern District of Florida (the "Local Rules"); and such notice being sufficient under the circumstances and no other or further notice being required; and *Louisiana Department of Revenue's Objection to Confirmation of Chapter 11 Plan of Liquidation Proposed by Green Roads, Inc.* [ECF No. 223] (the "Objection") having been withdrawn; and upon consideration of the (i) *Confirmation Affidavit of Julie Pilch* [ECF No. 227] (the "Pilch Affidavit"); (ii) the *Certificate of Proponent of Plan on Acceptance of Plan, Report on Amount to be Deposited, Certificate of Amount Deposited and Payment of Fees* [ECF No. 226] (describing, among other things, the final tabulation and results of voting with respect to the Plan and evidencing that the Debtor has received the requisite acceptances of the Plan in both number and amount as required by section 1126 of the Bankruptcy Code) (the "Ballot Certificate"); and the hearing to consider confirmation of the Plan having been held before the Court on September 27, 2024 (the "Confirmation Hearing"); and the Court having reviewed and considered the Plan, the Disclosure Statement, the Disclosure Statement Order, the Pilch Affidavit, the Objection which has been resolved; and any testimony therein and the exhibits admitted into evidence [ECF No. 231]; and upon all of the proceedings had before the Court and upon the entire record of the Confirmation

Hearing and the Court having determined based upon all of the foregoing that the Plan should be confirmed, as reflected by the Court's rulings made herein and on the record of the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY FOUND, DETERMINED, ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:

**FINDINGS OF FACT**

A.    <u>Findings and Conclusions</u>. The findings and conclusions set forth herein and on the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    <u>Jurisdiction</u>. The Court has jurisdiction over the Debtor's Chapter 11 Case (as defined below) and confirmation of the Plan pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    <u>Commencement of the Debtor's Chapter 11 Case</u>. On March 6, 2023 (the "<u>Petition Date</u>") the Debtor commenced this case (the "<u>Chapter 11 Case</u>") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has operated its business and managed its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, official committee of unsecured creditors or examiner has been appointed in the Chapter 11 Case.

3

D.      <u>Judicial Notice</u>. The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case.

E.      <u>Burden of Proof</u>. The Debtor has met its burden of proving the elements of section 1129(a) of the Bankruptcy Code by a preponderance of the evidence.

F.      <u>Resolution of Objections</u>. As presented at the Confirmation Hearing: the Objection has been consensually resolved, the Plan satisfies all applicable requirements of the Bankruptcy Code and the Bankruptcy Rules, and the Plan is in the best interests of the Debtor and is hereby approved.

G.      <u>Solicitation and Notice</u>. On July 18, 2024, the Court entered the Disclosure Statement Order, which, among other things, approved the Disclosure Statement, finding that it contained "adequate information" within the meaning of section 1125 of the Bankruptcy Code, and established procedures for the Debtor's solicitation of votes on the Plan. The (a) Disclosure Statement Order, (b) Disclosure Statement (with a copy of the Plan attached thereto), and (c) appropriate ballots for voting on the Plan (the "<u>Ballots</u>") (collectively, the "<u>Solicitation Package</u>"), were served in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order (the "<u>Solicitation</u>"). As set forth in the *Certificate of Service* [ECF No. 209], (i) the service of the Solicitation Packages was adequate and sufficient under the circumstances of this Chapter 11 Case, and (ii) adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings and matters described in the Disclosure Statement Order was timely provided in compliance with the Bankruptcy Rules and provided due process to all parties in interest. No other or further notice is required.

24251990.v3

H.   <u>Voting</u>.      Votes on the Plan were solicited after disclosure of "adequate information" as defined in section 1125 of the Bankruptcy Code. As evidenced by the Ballot Certificate, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith and in a manner consistent with the Disclosure Statement Order, the Bankruptcy Code, and the Bankruptcy Rules.

## COMPLIANCE WITH SECTION 1129 OF THE BANKRUPTCY CODE

I.   <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

J.   <u>Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1))</u>. In addition to Administrative Expense Claims, Priority Tax Claims, Other Priority Claims, and Alleged Secured Claims which need not be classified, Article I of the Plan designates the following two classes of Claims and one class of Equity Interests: Class 1-A (General Unsecured Claims); Class 1-B (Founders' Claim) and, Class 2 (Equity Interests). Each of the Claims or Equity Interests, as the case may be, in each particular Class is substantially similar to the other Claims or Equity Interests within such Class. Valid business, legal and factual reasons exist for separately classifying the various Claims and Equity Interests pursuant to the Plan, and such Classes do not unfairly discriminate between holders of Claims and Equity Interests. The Plan therefore satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

K.   <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Article III of the Plan designate Class 1-A; Class 1-B and Equity Interests as impaired. Article III of the Plan specifies the treatment of the Claims in such Class, thereby complying with section 1123(a)(3) of the Bankruptcy Code. The Plan therefore satisfies section 1123(a)(3) of the Bankruptcy Code.

5

L.    <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment on account of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code. The Plan therefore satisfies section 1123(a)(4) of the Bankruptcy Code.

M.    <u>Implementation of the Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan and the various documents set forth in the Plan Supplement provide adequate and proper means for the implementation of the Plan as required by section 1123(a)(5) of the Bankruptcy Code. The Plan therefore satisfies section 1123(a)(5) of the Bankruptcy Code.

N.    <u>Designation of Directors and Officers (11 U.S.C. § 1123(a)(7))</u>. The authority, power, and incumbency of the persons then acting as directors, managers, and/or officers of the Debtor shall be terminated and such directors, managers, and/or officers shall be deemed to have resigned or to have been removed without cause and no further duties or responsibilities with respect to the Debtor.

O.    <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>. The other provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b) of the Bankruptcy Code. The failure to specifically address a provision of the Bankruptcy Code in this Confirmation Order shall not diminish or impair the effectiveness of this Confirmation Order.

P.    <u>Impairment/Unimpairment of Classes of Claims and Equity Interests (11 U.S.C. § 1123(b)(1))</u>. As contemplated by section 1123(b)(1) of the Bankruptcy Code, Classes 1-A, 1-B and 2 are impaired under the terms of the Plan. Because Section 1123(a) has been satisfied, Section

1123(b)(1) authorizes the Debtor to classify Holders of Claims in Classes 1-A, 1-B and 2 are impaired, the Plan complies with Section 1123(b)(1) of the Bankruptcy Code.

Q.      <u>Assumption and Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2))</u>. In accordance with section 1123(b)(2) of the Bankruptcy Code, Article VII of the Plan provides that, pursuant to section 365(a) of the Bankruptcy Code, all executory contracts and unexpired leases that exist between the Debtor and any person or entity are deemed rejected to the extent they were not rejected or assumed and assigned pursuant to an order of the Bankruptcy Court. Subject to the right of any party to an executory contract or unexpired lease that has been rejected hereunder to file a rejection damages claim under Local Bankruptcy Rule 6006-1. the Debtor's bankruptcy estate and the Liquidating Trust shall have no further liability thereunder. Accordingly, the Plan satisfies the requirements of section 1123(b)(2) of the Bankruptcy Code.

R.      <u>Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, including having complied with section 1125 of the Bankruptcy Code with respect to the Disclosure Statement and the Plan.

S.      <u>Plan Proposed in Good Faith (11 U.S.C. §1129(a)(3))</u>. The Debtor has proposed the Plan (including all documents necessary to effectuate the Plan) in good faith and not by any means forbidden by law, thereby complying with section 1129(a)(3) of the Bankruptcy Code. The Debtor's good faith is evident from the record of this Chapter 11 Case, including the Pilch Affidavit and the record of the hearing to approve the Disclosure Statement, the record of the Confirmation Hearing, and other proceedings held in this Chapter 11 Case. The Plan is based upon arms-length negotiations between and among the Debtor and parties-in-interest and represents the culmination of months of negotiations among parties in interest. Moreover, the Plan was proposed with the

7

legitimate and honest purpose of effectuating a successful liquidation of the Debtor. The only impaired classes of Claims entitled to vote to accept or reject the Plan (Classes 1-A and 1-B) have voted to accept the Plan and all of the Debtor's creditors support the Plan following withdrawal of the State of Louisiana's vote against the Plan. Further, the exculpation and injunction provisions of the Plan have been negotiated in good faith and at arms-length with, among other persons, representatives of the Debtor, parties in interest, and their respective advisors, are consistent with sections 105, 1122, 1123(b)(3)(A), 1123(b)(6), 1129, and 1142 of the Bankruptcy Code, and are each necessary to the Debtor's successful emergence from chapter 11. Accordingly, the Plan and the related documents have been filed in good faith and the Debtor has satisfied its obligations under section 1129(a)(3) of the Bankruptcy Code.

T.    <u>Payment for Services or Cost and Expenses (11 U.S.C. § 1129(a)(4))</u>. All payments made or to be made by the Debtor for services or for costs and expenses in connection with this Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

U.    <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>. The Debtor has complied with section 1129(a)(5) of the Bankruptcy Code. The identity and affiliation of the individual proposed to serve, after confirmation of the Plan, as the Responsible Person has been disclosed in the Plan and Disclosure Statement. As such, the Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

V.    <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. No governmental regulatory commission has jurisdiction, after confirmation of the Plan, over the rates of the Debtor. Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable in these Chapter 11 Case.

24251990.v3

W.     Best Interests of Creditors (11 U.S.C. § 1129(a)(7)). As demonstrated by the Pilch Affidavit and the Ballot Certificate, and the liquidation analysis contained in the Disclosure Statement, with respect to each impaired class of Claims against the Debtor (Classes 1-A, 1-B and 2), each holder of a Claim in such Class has accepted the Plan or will receive or retain pursuant to the Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on the Effective Date. Accordingly, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

X.     Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). Class 1-A (General Unsecured Claims); and Class 1-B (Founders' Claim); which are both impaired Classes of Claims are eligible to vote, and have both affirmatively voted to accept the Plan. As such, section 1129(a)(8) is satisfied with respect to these Classes of Claims. Although Class 2 (Equity Interests) is deemed to reject the Plan, the Plan may nevertheless be confirmed because the Plan satisfies section 1129(b) of the Bankruptcy Code.

Y.     Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9)). The treatment of Administrative Expense Claims and Priority Tax Claims pursuant to Article II of the Plan satisfies the requirements of sections 1129(a)(9)(A), (B), (C) and (D) of the Bankruptcy Code.

Z.     Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)). Class 1-A and Class 1-B, which are both impaired under the Plan and entitled to vote, voted to accept the Plan by satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code. Therefore, the requirements of section 1129(a)(10) of the Bankruptcy Code have been satisfied.

24251990.v3

AA.    <u>Feasibility (11 U.S.C. § 1129 (a)(11))</u>.    The Plan provides for the Debtor's liquidation, so proof of a go-forward feasible business is not required.  Nevertheless, as set forth in the Ballot Certificate, the Debtor's bankruptcy estate holds cash sufficient to pay Administrative and Priority Claims satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

BB.    <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>. The Debtor has no obligations with respect to retiree benefits. Accordingly, section 1129(a)(13) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

CC.    <u>No Domestic Support Obligations (11 U.S.C. § 1129(a)(14))</u>. The Debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

DD.    <u>Debtor Is Not An Individual (11 U.S.C. § 1129(a)(15))</u>. The Debtor is not an individual, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

EE.    <u>No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16))</u>. The Debtor is a moneyed, business, or commercial corporation, and/or trust, as the case may be, and, accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

FF.    <u>No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b))</u>.  Classes 1-A and 1-B voted to accept the Plan, and although Class 2 is deemed to reject the Plan there is no unfair discrimination against the holders of Equity Interests in Class 2.

24251990.v3

GG.     <u>Only One Plan (11 U.S.C. § 1129(c))</u>. The Plan is the only plan filed in this Chapter 11 Case, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

HH.     <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, thereby satisfying the requirements of section 1129(d) of the Bankruptcy Code.

II.     <u>Small Business Case (11 U.S.C. § 1129(e))</u>. This Chapter 11 Case is not a "small business case," as that term is defined in the Bankruptcy Code, and, accordingly, section 1129(e) of the Bankruptcy Code is inapplicable.

## **ADDITIONAL FINDINGS**

JJ.     <u>Good-Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based on the record before the Court in this Chapter 11 Case, the Debtor has solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including without limitation, sections 1125(a) and (e) of the Bankruptcy Code, and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with such solicitation.

KK.     <u>Satisfaction of Confirmation Requirements</u>. Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

LL.     <u>Implementation</u>. All documents necessary to implement the Plan, and all other relevant and necessary documents have been negotiated in good faith and at arms-length and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

MM.    <u>Vesting of Assets</u>. Except as otherwise provided in the Plan or Liquidating Trust Agreement, on the Effective Date, the Assets (as defined in the Plan) shall vest in and with the Liquidating Trust free and clear of all Liens, Claims, or other encumbrances.  For the avoidance of doubt, the transfer of the Assets to the Liquidating Trust shall be exempt from any stamp, other transfer, sales, use or other similar tax.  Further, after the Effective Date, the Debtor shall have no interest in the Liquidating Trust Assets and the transfer of the Assets to the Liquidating Trust is absolute and irrevocable.

NN.    <u>Injunction</u>. From and after the Effective Date, all Entities are permanently enjoined from commencing or continuing in any manner against the Debtor, the Estate, the Responsible Person, the Liquidating Trust, and each of their respective successors and assigns, and their assets and properties, as the case may be, any suit, action or other proceeding, on account of or respecting any Claim, demand, liability, obligation, debt, right, Cause of Action, interest or remedy released or exculpated or to be released or exculpated pursuant to the Plan or the Confirmation Order.

OO.    <u>Preservation of Causes of Action</u>. It is in the best interests of the Debtor and its creditors and holders of Equity Interests that the Debtor preserve the Causes of Action as contemplated by Article IX.H. of the Plan.

## **<u>CONCLUSIONS OF LAW</u>**

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    <u>Confirmation</u>. All requirements for confirmation of the Plan have been satisfied. Accordingly, the Plan in its entirety is CONFIRMED pursuant to section 1129 of the Bankruptcy

Code. The terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order.

2.    Objection. The Objection has been withdrawn on the record at the Confirmation Hearing.  No other objections to the Plan were filed.

3.    Findings of Fact and Conclusions of Law. The findings of fact and the conclusions of law stated in this Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

4.    Solicitation and Notice. Notice of the Confirmation Hearing complied with the terms of the Disclosure Statement Order, was appropriate and satisfactory based on the circumstances of this Chapter 11 Case, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. The solicitation of votes on the Plan and the Solicitation Materials complied with the solicitation procedures in the Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of this Chapter 11 Case, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. Notice of the Plan and all related documents, was appropriate and satisfactory based upon the circumstances of this Chapter 11 Case, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

5.    Omission of Reference to Particular Plan Provisions. The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not

24251990.v3

diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety.

6.    Plan Classification Controlling.    The classifications of Claims and Equity Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classification set forth on the Ballots tendered or returned by the Debtor's creditors in connection with voting on the Plan were set forth on the Ballots solely for purposes of voting to accept or reject the Plan.

7.    Binding Effect. Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code, upon entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Plan shall bind any holder of a Claim against or Equity Interest in the Debtor and their respective successors and assigns, whether or not such Claim or Equity Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan. All interlocutory orders entered in this Chapter 11 Case shall become final as of the Effective Date.

8.    Distributions Under the Plan. All distributions under the Plan shall be made in accordance with Article V of the Plan and such methods of distribution are approved.

9.    Disputed Claims. The provisions of Article VI of the Plan, including, without limitation, the provisions governing procedures for resolving Disputed Claims, are found to be fair and reasonable and are approved. In connection with distributions on account of Administrative Expense Claims, Priority Claims, and General Unsecured Claims, Distributions on account of such Disputed Claims shall be made in accordance with Article VI of the Plan to the extent such Disputed Claims become Allowed.  For the avoidance of doubt, the deadline for objecting to Claims shall be the 90th day following the Effective Date.

14

10.    Treatment is in Full Satisfaction. All distributions under the Plan shall be made in accordance with the Plan. The treatment set forth in the Plan is in full satisfaction of the legal, contractual and equitable rights (including any liens) that each entity holding a Claim or Equity Interest may have in or against the Debtor, the Estate, or their respective property. This treatment supersedes and replaces any agreements or rights those entities may have in or against the Debtor, the Estate, or their respective property.

11.    Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)). Article VII of the Plan provides that, pursuant to section 365(a) of the Bankruptcy Code, all executory contracts and unexpired leases that exist between the Debtor and any person or entity are deemed rejected to the extent they were not been rejected or assumed and assigned pursuant to an order of the Bankruptcy Court.  Subject to the right of any party to an executory contract or unexpired lease that has been rejected hereunder to file a rejection damages claim under Local Bankruptcy Rule 6006-1, the Debtor's bankruptcy estate and the Liquidating Trust shall have no further liability thereunder. Accordingly, the Plan satisfies the requirements of section 1123(b)(2) of the Bankruptcy Code. **Any proof of claim for damages arising from the rejection must be filed with the court on or before the latest of: i) the time for filing a proof of claim pursuant to Bankruptcy Rule 3002(c); ii) 30 days after the entry of the order compelling or approving the rejection of the contract or lease; or iii) 30 days after the effective date of the rejection of the contract or lease.**

12.    Vesting of Assets. Pursuant to Article IV of the Plan, except as otherwise provided in the Plan or Liquidating Trust Agreement, on the Effective Date, the Assets (as defined in the Plan) shall vest in and with the Liquidating Trust free and clear of all Liens, Claims, or other encumbrances.  For the avoidance of doubt, the transfer of the Assets to the Liquidating Trust shall

24251990.v3

be exempt from any stamp, other transfer, sales, use or other similar tax.  Further, after the Effective Date, the Debtor shall have no interest in the Liquidating Trust Assets and the transfer of the Assets to the Liquidating Trust is absolute and irrevocable.

13.    <u>Discharge of Claims</u>. Except as provided in this Confirmation Order, the rights afforded in the Plan and the payments and Distributions to be made hereunder shall discharge all existing debts and Claims, of any kind, nature, or description whatsoever against or in the Debtor or any of its assets or properties to the fullest extent permitted by section 1141 of the Bankruptcy Code.  Except as provided herein, upon the Effective Date, all existing Claims against the Debtor and Equity Interests in the Debtor shall be, and shall be deemed to be, discharged and terminated, and all holders of Claims and Equity Interests shall be precluded and enjoined from asserting against the Liquidating Trust, its respective successors or assignees, or any of its respective assets or properties, any other or further Claim or Equity Interest based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of claim or proof of equity interest, and whether or not the facts or legal bases therefore were known or existed prior to the Effective Date.  Upon the Effective Date, all such persons shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim against or Equity Interest in the Debtor.  Nothing in Article IX.D of the Plan should be interpreted as a discharge of the Debtor's or Liquidating Trust's rights or obligations under the Plan.

14.    <u>Injunction Against Interference With Plan of Reorganization</u>. Upon the entry of this Confirmation Order, from and after the Effective Date, all Entities are permanently enjoined from commencing or continuing in any manner against the Debtor, the Estate, the Responsible Person,

16

the Liquidating Trust, and each of their respective successors and assigns, and their assets and properties, as the case may be, any suit, action or other proceeding, on account of or respecting any Claim, demand, liability, obligation, debt, right, Cause of Action, interest or remedy released or exculpated or to be released or exculpated pursuant to the Plan or the Confirmation Order.

15.     Nothing contained in the Plan or this Confirmation Order shall be deemed to be a waiver or relinquishment of any claim, cause of action, right of setoff, or other legal or equitable defense which the Debtor had immediately prior to the Petition Date, against or with respect to any Claim left Unimpaired by the Plan. The Reorganized Debtor shall have, retain, reserve, and be entitled to assert all such claims, causes of action, rights of setoff, and other legal or equitable defenses which the Debtor had immediately prior to the Petition Date fully as if the Chapter 11 Case had not been commenced, and all of the legal and equitable rights of the Reorganized Debtor respecting any Claim left Unimpaired by the Plan may be asserted after the Confirmation Date to the same extent as if the Bankruptcy Case had not been commenced.

16.     **Authorization to Consummate Plan Transactions**. The Debtor is authorized to consummate the transactions contemplated in the Plan and to enter into, execute and deliver all necessary documents, including those required in connection with the Plan.

17.     **Conditions to Effective Date**. The Plan shall not become effective unless and until the conditions set forth in Article VIII of the Plan have been satisfied or waived; (i) the Confirmation Order has become a Final Order; (ii) there shall be no stay or injunction in effect with respect to the Confirmation Order, which such Confirmation Order shall contain approval of the exculpations provided for herein; (iii) the appointment of the Responsible Person shall have confirmed by entry of the Confirmation Order or other order of the Bankruptcy Court; and (iv) all United States Trustee Fees incurred before the entry of the Confirmation Order shall have paid.

24251990.v3

Notwithstanding the conditions in the Plan, the Debtor may decide to waive the occurrence of any condition precedent to the Effective Date or to modify any of the foregoing conditions precedent. Any such written waiver of a condition precedent set forth in Article VIII of the Plan may be effected at any time, without notice, without leave or order of the Bankruptcy Court, and without any formal action other than proceeding to consummate the Plan.  Any actions required to be taken on the Effective Date shall take place and shall be deemed to have occurred simultaneously, and no such action shall be deemed to have occurred prior to the taking of any other such action

18.　　Retention of Jurisdiction. Pursuant to Article X of the Plan, this Court shall retain and have exclusive jurisdiction over any matter arising under the Bankruptcy Code and arising in or related to this Chapter 11 Case or the Plan, to the fullest extent as is legally permissible.

19.　　Effectuating Documents and Further Transactions. The Debtor, the Responsible Person, all holders of Claims receiving Distributions hereunder and all other parties in interest shall, from time to time, and as applicable, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan or the Confirmation Order.

20.　　Louisiana Department of Revenue. Following entry of the Confirmation Order and, as a condition precedent to the Effective Date, the Louisiana Department of Revenue's administrative and priority claims will be deemed allowed and will be paid

21.　　No Third-Party Releases.  The Plan and this Confirmation Order do not provide for any non-consensual third-party release as prohibited in *Harrington v. Purdue Pharma L.P., et al.*, 603 U. S. _____ (2024).

22.　　Compliance with Tax Requirements. In connection with this Plan and all instruments issued in connection herewith and Distributions hereunder, the Disbursing Agent shall

comply with all withholding and reporting requirements imposed by any federal, state or foreign taxing authority, and all Distributions hereunder shall be subject to any such withholding and reporting requirements.  As a condition to receiving any Distributions, all holders of General Unsecured Claims are required to provide any information necessary to effect information reporting and the withholding of such taxes on Form W-8 or W-9 ("Tax Information") within 30 days of a request by the Responsible Person and prior to receiving a Distribution.  Failure to comply will result in the Claimant's distribution being treated as undeliverable or unclaimed and forfeited.  If the requisite forms are not returned by the date of the Final Distribution, the Claim shall be forever barred.  The Liquidating Trust shall not be liable for, and the Responsible Person or his Disbursing Agent shall not be required to make, a Distribution prior to receiving the Tax Information.

23.    Governmental Approvals Not Required. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Plan and Disclosure Statement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan and the Disclosure Statement and any amendments or modifications thereto.

24.    Professional Compensation and Reimbursement. The Allowed Amount of all Administrative Expense Claims arising under sections 330, 331, 503(b)(2), 503(b)(3), 503(b)(4), 503(b)(5), or 503(b)(6) of the Bankruptcy Code shall, in full satisfaction, settlement, discharge and release thereof, and in exchange therefore, be paid in full, in Cash (a) upon the later of (i) the Effective Date and (ii) the date upon which any such Administrative Expense Claim becomes

19

Allowed or (b) at such later date or upon such other less favorable terms as may be mutually agreed upon between each such Administrative Expense Creditor and the Reorganized Debtor.

25.    Notice of Effective Date. As soon as practicable after the occurrence of the Effective Date, the Reorganized Debtor shall file notice of the occurrence of the Effective Date and shall serve a copy of same on all parties entitled to receive notice in this Chapter 11 Cases.

26.    Substantial Consummation. On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

27.    Conflicts Between Order and Plan. The provisions of the Plan and this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purpose of each; provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence. The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent.

28.    Final Order; Waiver of Stay. This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof. Any stay of this Confirmation Order provided by any Bankruptcy Rule (including Bankruptcy Rule 3020(e)) is hereby waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Court.

24251990.v3

29.    <u>Post-Confirmation Status Conference</u>.    **The Court will conduct a post-confirmation status conference on December 4, 2024 at 1:30 p.m., U.S. Bankruptcy Court, 299 East Broward Blvd., Courtroom 308, Fort Lauderdale, Florida 33301**.

###

Submitted by:

James R. Irving (admitted pro hac vice)
DENTONS BINGHAM GREENEBAUM LLP
3500 PNC Tower
101 South Fifth Street
Louisville, Kentucky 40202
Telephone:    (502) 587-3606
Facsimile:    (502) 540-2215
E-mail:        james.irving@dentons.com

Counsel to Green Roads, Inc.

(Attorney Irving is directed to serve this order upon all non-registered users or registered users who have yet to appear electronically in this case and file a conforming certificate of service.)

24251990.v3