**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:

GREEN ROADS, INC.,[1]

          Debtor.

_____/

Chapter 11

Case No. 23-11738-SMG

**AGREED *EX-PARTE* MOTION TO ALLOW CLAIM**
**NO. 28-1 FILED BY TAMERA INDUSTRIES, INC. (I) IN AN AMOUNT**
**DIFFERENT THAN SCHEDULED; AND (II) IN AN AMOUNT LESS THAN FILED**

Pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Soneet Kapila as Responsible Person (the "Responsible Person") for Green Roads, Inc. (the "Debtor") files this agreed ex-parte motion (the "Motion") seeking an order of the Court to allow the claim of Tamera Industries, Inc. ("Tamera") in an amount different than listed on the Debtor's schedules and in an amount less than filed by Tamera. Tamera's counsel consents to the relief requested in this ex-parte Motion consistent with Local Rule 9013-1(C)(1). In support of its Motion, the Debtor respectfully states as follows:

**BASIS FOR MOTION AND RECOMMENDED DISPOSITION**

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2. On March 6, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for

---

[1] The last four digits of the Debtor's federal tax identification number is 0208.

24667652.v1

relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"), thereby commencing this bankruptcy case (the "Chapter 11 Case").  To date, the Office of the United States Trustee (the "U.S. Trustee") has not appointed an official committee of unsecured creditors in the Chapter 11 Case.  No trustee or examiner has been appointed in the Chapter 11 Case.

3.      On March 7, 2023, the Bankruptcy Court issued a *Notice of Chapter 11 Bankruptcy Case* [Docket No. 20] which established May 15, 2023, as the deadline for all creditors (other than governmental entities) to file a proof of claim.

4.      On March 13, 2023, the Debtor filed the *Debtor's Motion for Entry of an Order (I) Approving Bidding Procedures in Connection With the Debtor's Bidding Process; (II) Approving the Transaction Ultimately Selected as the Highest and Best Alternative Through the Bidding Process, Including a Possible Sale of Assets Free and Clear of Liens, Claims and Encumbrances; and (III) Granting Related Relief* [Docket No. 35] (the "Sale Motion"), in which the Debtor sought to sell substantially all of its assets.

5.      On April 3, 2023, the Bankruptcy Court entered the *Order Approving Bidding Procedures in Connection With the Debtor's Bidding Process and Granting Related Relief* [Docket No. 62] (the "Bid Procedures Order") approving the Debtor's proposed bidding terms for the sale of substantially all of the Reorganized Debtor's assets (the "Sale").

6.      On May 18, 2023, the Bankruptcy Court entered the *Order (I) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests and (II) Granting Related Relief* [Docket No. 93] (the "Sale Order") approving of Global Widget, LLC (the "Purchaser") as the purchaser of substantially all of the Debtor's assets.

2

7. On May 31, 2023, the Debtor closed on the Sale of substantially all of its assets to the Purchaser under the terms set forth in the Sale Order and the *Purchase and Sale Agreement by and Among Global Widget, LLC and Green Roads, Inc.* [Docket No. 90-1] (the "Asset Purchase Agreement").

8. The Asset Purchase Agreement provided that the Debtor sold, conveyed, transferred, assigned, and delivered to the Purchaser various "Acquired Assets", including, in relevant part, "[a]ll [the Reorganized Debtor's] inventory, including but not limited to raw materials, supplies and finished goods" and "[a]ll accounts, notes and other receivables, billed and unbilled arising from the operation of the Business, including invoiced accounts receivable, accrued but uninvoiced accounts receivable, and in the case of each of the foregoing, the benefit of all security therefor."  Asset Purchase Agreement, Section 1.1(c) and (n).

9. Relatedly, the Asset Purchase Agreement specified that the inventory acquired by the Purchaser included "raw materials", "work-in-process", and "finished goods".  Asset Purchase Agreement, Section 3.7.

10. Further, the Asset Purchase Agreement also provided that the Purchaser assumed "[a]ll other liabilities arising out of, or with respect to, the Acquired Assets other than the Assumed Contracts, arising after the Closing."  Asset Purchase Agreement, Section 1.3(a).

11. On August 25, 2023, Tamera filed a proof of claim [Claim No. 28-1] (the "Tamera Claim") for an alleged unsecured claim in the amount of $1,252,176.35.  The Tamera Claim is based upon minimum purchases under the terms of a *Manufacturing and Supply Agreement* dated May 1, 2019 (the "Agreement") between Tamera and Green Roads of Florida, LLC.  Green Roads of Florida, LLC is a non-debtor entity which has not filed annual reports with the Florida Secretary of State since 2021, before the Debtor's business was acquired by The Valens Co. in June of 2021.

24667652.v1

The acquisition of the Debtor's business is described in greater detail in the *Declaration of Julie Pilch in Support of Chapter 11 Petition and Certain First-Day Motions* [Docket No. 7]. The Tamera Claim does not explain a theory for how the Debtor is responsible for the minimum purchases under the terms of the Agreement entered into by an inactive, non-debtor entity that was associated with the Debtor's business before that business was sold to The Valens Co.

12. That same day, Tamera filed its *Motion to Deem Claim as Timely Filed* [Docket No. 120] (the "Claim Motion"). Tamera also filed the Application of Tamera Industries for the Allowance and Payment of Administrative Claims Pursuant to Section 503(b) of the Bankruptcy Code [Docket No. 121] (the "Admin Claim Motion"), by which Tamera asserted an administrative expense claim against the Debtor for $91,498.50 for post-Petition Date product sold to the Debtor.

13. On September 26, 2023, the Court entered an order granting the Claim Motion [Docket No. 136] (the "Claim Order"). In relevant part, the Claim Order provided that "[t]he proof of claim filed by Tamera Industries, Inc. and designated as Claim No. 28 on the Claims Register is deemed to be timely filed, without prejudice to the Debtor's right to object to the proof of claim and any amendments thereto, on substantive grounds." Claim Order, ¶ 2. The Court also entered an order [Docket No. 135] granting the Admin Claim Motion. The Debtor paid that related claim.

14. On April 23, 2024, the Debtor filed its *Chapter 11 Plan of Liquidation Proposed by Green Roads, Inc.* [Docket No. 188] (the "Plan").

15. On October 11, 2024, the Bankruptcy Court entered an *Order Confirming Chapter 11 Plan of Liquidation Proposed by Green Roads, Inc.* [Docket No. 234] (the "Confirmation Order").

16. The Plan became effective on October 28, 2024 [Docket No. 241] (the "Effective Date").

24667652.v1

17.      The Plan provides that the Responsible Person shall file his objections to any disputed claims within ninety days of the Plan's Effective Date (the "Claims Objection Bar Date"). *See* Docket No. 188-1, ¶ 19.  The Claims Objection Bar Date was January 26, 2025.

18.      On January 25, 2025, the Debtor filed its *Motion to Extend Deadline to Object to Claims* [Docket No. 252] (the "Motion to Extend Deadline").

19.      Also on January 25, 2025, the Debtor filed its *Objection to Claim No. 28-1 filed by Tamara Industries, Inc.* [Docket No. 255] (the "Objection").

20.      The Motion to Extend Deadline was granted on March 4, 2025, [Docket No. 260] extending the Claims Objection Bar Date through and including March 27, 2025.

21.      On March 15, 2025, the Debtor filed its *Ex Parte Motion to Extend Deadline for Tamera Industries, Inc. to File Response to Objection to Claim No. 28-1* [Docket No. 264]. This motion was granted on March 17, 2025, [Docket No. 265] extending Tamara's deadline to respond to the Objection until March 28, 2025.

## RELIEF REQUESTED AND BASIS FOR RELIEF

22.      Since the filing of the Objection, counsel for the Responsible Person and Tamara have negotiated and agreed to the allowance of the Tamera Claim in the total amount of $400,000.00 (the "Allowed Amount").

23.      By the Motion, the Responsible Person seeks entry of an order under section 502 of the Bankruptcy Code, allowing the Tamera Claim in the Allowed Amount.

24.      The Responsible Person will withdraw the Objection in accordance with allowance of the Tamera Claim in the Allowed Amount.

25.      Counsel for Tamera has agreed to the relief requested in this Motion, and an agreed order granting the relief requested herein is attached to this Motion as **Exhibit A**.

24667652.v1

WHEREFORE, the Responsible Person respectfully requests that the Court enter an order (i) granting the Motion; (ii) reducing and allowing the Tamera Claim in the Allowed Amount; and (iii) granting such further relief as the Court deems just and proper.

Dated: March 27, 2025

Respectfully submitted,

*/s/ James R. Irving*
James R. Irving (admitted *pro hac vice*)
Dentons Bingham Greenebaum LLP
3500 PNC Tower, 101 S. Fifth Street
Louisville, Kentucky 40202
Telephone: (502) 587-3606
E-mail:  james.irving@dentons.com

-and-

Jonathan Kaskel (FBN 52718)
DENTONS US LLP
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 537-0009
E-mail:  jonathan.kaskel@dentons.com

-and-

Andrew C. Helman (admitted *pro hac vice*)
DENTONS BINGHAM GREENEBAUM LLP
One City Centre
Portland, Maine 04101
E-mail:  andrew.helman@dentons.com

*Counsel to the Responsible Person for Green Roads, Inc*

6

24667652.v1