**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:

GREEN ROADS, INC.,[1]

Debtor.
_________________________________/

Chapter 11

Case No. 23-11738-SMG

**RESPONSE TO THE COURT'S**
**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**

Soneet Kapila, as Responsible Person (the "Responsible Person") for Green Roads, Inc., by and through undersigned counsel, hereby submits this response (the "Response") to the Court's *Order to Show Cause Why Case Should Not Be Dismissed* [Docket No. 338] (the "Show Cause Order"), entered May 22, 2026. In support of this Response, the Responsible Person respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Undersigned counsel apologizes to the Court for the failure to appear at the continued post-confirmation status conference held on May 20, 2026 [Dkt. No. 334]. Counsel takes full responsibility for this failure, and provides the following explanation solely for the Court's information: the hearing was not placed on counsel's calendar, which is why counsel failed to appear. Calendaring for this matter was the responsibility of a paralegal with whom the firm parted ways in January of this year and was supported by an associate who resigned from the firm in February. Counsel had believed that all calendaring issues had been identified and corrected, but regrettably that was not the case. The undersigned deeply regrets the error, apologizes to the Court for the oversight, and assures the Court that it will not recur.

[1] The last four digits of the Debtor's federal tax identification number are 0208.

## BACKGROUND

2. On March 6, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"), commencing the instant chapter 11 case (the "Chapter 11 Case"). The Debtor operated as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors was appointed.

3. On May 18, 2023, the Court entered its order [ECF No. 93] (the "Sale Order") approving the sale of substantially all of the Debtor's assets free and clear to Global Widget, LLC (the "Purchaser"). The sale closed on May 31, 2023, and the Purchaser paid $3,100,000 in sale proceeds. [Docket Nos. 90-1, 110, 141].

4. On April 23, 2024, the Debtor filed its *Chapter 11 Plan of Liquidation Proposed by Green Roads, Inc.* [ECF No. 188] (the "Plan") and *Disclosure Statement for the Chapter 11 Plan of Liquidation Proposed by Green Roads, Inc.* [ECF No. 189]. On July 18, 2024, the Court entered its order [ECF No. 204] approving the Disclosure Statement and establishing solicitation procedures.

5. Following the confirmation hearing held on September 27, 2024, the Court entered its *Order Confirming Chapter 11 Plan of Liquidation Proposed by Green Roads, Inc.* on October 11, 2024 [ECF No. 234] (the "Confirmation Order"). The Plan was the only plan filed and was confirmed under section 1129 of the Bankruptcy Code.

6. Pursuant to the Plan and Confirmation Order, on October 28, 2024 (the "Effective Date"), the estate's assets vested in the Liquidating Trust free and clear; the Debtor's officers and directors were terminated; and Soneet R. Kapila was appointed as the Responsible Person. On the

Effective Date, the Plan was deemed substantially consummated under sections 1101 and 1127 of the Bankruptcy Code. [Docket No. 234].

7. Among other things, the Debtor's Plan provides that the Responsible Person shall file his objections to any disputed claims within ninety days of the Plan's Effective Date (the "Claims Objection Bar Date"). The Responsible Person timely fulfilled this duty by filing no less than 22 claim objections in the Chapter 11 Case, resulting in a significant increase in funds available for the benefit of creditors. [*See* Docket Nos. 261, 262, 280-283, 305-320].

8. On November 24, 2025, the Responsible Person caused the Liquidating Trust to make an interim distribution of $9,516.13 to priority creditors, representing 100% of the allowed priority claims against the estate, and $750,000 to general unsecured creditors on a pro-rata basis, representing approximately 15.06% recovery on general unsecured claims totaling in the aggregate $4,981,396. [ECF No. 335].

9. As reflected in the most recent Post-Confirmation Report [ECF No. 337], filed April 20, 2026, allowed administrative claims have been paid in full, allowed priority claims have been paid in full, and general unsecured creditors have received an interim pro-rata distribution in the aggregate $750,000. All pre-confirmation professional fees and expenses have been paid in full. Undersigned counsel has agreed to final post-confirmation fees as of late 2025, and continued costs associated with administering the Chapter 11 Case to conclusion should be *de minimis*.

10. The Responsible Person has been conferring with the Office of the United States Trustee regarding a refund of certain statutory fee overpayments since late 2025. The Responsible Person believes that a resolution of this issue is imminent. Once the refund is processed, the Responsible Person intends to make a final distribution and seek a final decree closing the case.

## <u>RESPONSE</u>

11. Undersigned counsel again apologizes to the Court for failing to appear at the May 20, 2026 status conference. As explained above, this failure resulted from a calendaring error and staff turnover. Counsel takes full responsibility for this oversight and assures the Court it will not recur.

12. The Responsible Person respectfully submits that dismissal of this Chapter 11 Case based on counsel's isolated administrative error would be inequitable, as the creditors and the estate should not be penalized for an oversight that was entirely outside their control. Further, the Responsible Person submits that the drastic sanction of dismissal is not warranted where excusable neglect caused by inadvertent attorney error led to a regrettable mistake. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (recognizing that excusable neglect encompasses situations caused by inadvertence or mistake); *In re Carter*, No. 6:14-bk-07895-CCJ, 2015 WL 6684795, at *2 (Bankr. M.D. Fla. Oct. 5, 2015) (finding counsel's calendaring error constituted excusable neglect where it was "simply an innocent oversight by counsel").

13. The Responsible Person further respectfully requests that the Court decline to dismiss this Chapter 11 Case because the Plan has been substantially consummated, the Liquidating Trustee has made one significant distribution and is about to make a final distribution for the benefit of creditors as soon as the statutory UST fees refund is received. Allowed administrative claims and priority claims have been paid in full, and general unsecured creditors have received an interim pro-rata distribution.

14. The sole remaining task before this Chapter 11 Case can be closed is the Liquidating Trust's receipt of a refund from the United States Trustee on account of an overpayment of quarterly statutory fees. The Responsible Person has been in communication with

the U.S. Trustee's Office regarding this refund since October 2025. The U.S. Trustee's auditor has confirmed the overpayment. The estimated credit balance due to the Liquidating Trust is approximately $14,000. Once the Trust receives the refund, the Responsible Person intends to distribute those funds to creditors as a final distribution and then promptly seek entry of a final decree closing the Chapter 11 Case.

15. The Responsible Person has recently conferred with the U.S. Trustee and believes the Liquidating Trust will receive the refund in the very near term, such that the Responsible Person can make a final distribution and close the Chapter 11 Case as early as July 2026.

16. Based on the foregoing, the Responsible Person respectfully submits that dismissal of this Chapter 11 Case is not in the best interests of creditors. This Chapter 11 Case is approaching its conclusion. The Plan has been confirmed, substantially consummated, and all currently-payable claims have been paid. Dismissing the Chapter 11 Case now, when only the ministerial step of receiving the U.S. Trustee fee refund and making a final distribution remains, would prejudice creditors who stand to receive a final distribution.

[*the remainder of page is intentionally left blank*]

## CONCLUSION

17. Based on the foregoing, the Responsible Person respectfully requests that the Court decline to dismiss this Chapter 11 Case and permit the Responsible Person to receive the U.S. Trustee fee refund, make a final distribution to creditors, and file an application for entry of a final decree closing this Chapter 11 Case.

Dated: June 22, 2026

Respectfully submitted,

*/s/ James R. Irving*

James R. Irving (admitted *pro hac vice*)
DENTONS BINGHAM GREENEBAUM LLP
3500 PNC Tower, 101 S. Fifth Street
Louisville, Kentucky 40202
Telephone: (502) 587-3606
E-mail: james.irving@dentons.com

-and-

Jonathan Kaskel (FBN 52718)
DENTONS US LLP
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 537-0009
E-mail: jonathan.kaskel@dentons.com

-and-

Andrew C. Helman (admitted *pro hac vice*)
DENTONS BINGHAM GREENEBAUM LLP
One City Center, Suite 11100
Portland, Maine 04101
Telephone: (207) 619-0919
E-mail: andrew.helman@dentons.com

*Counsel to Green Roads, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2026, a copy of the foregoing was sent via this Court's ECF system to all those parties registered to receive said electronic service.

*/s/ James R. Irving*
James R. Irving

*Counsel to Green Roads, Inc.*